900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis GACH, Jr., Plaintiff-Appellant,
v.
MUTUAL OF OMAHA INSURANCE COMPANY, Defendant-Appellee.
 No. 89-1538.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lewis Gach appeals the dismissal of his action against Mutual of Omaha to enforce payment on a policy of accident insurance. We affirm the summary judgment in favor of Mutual of Omaha.
 
 I.
 
 2
 Appellant was employed in 1985 as a corrections officer for the State of Michigan. He was covered under a group policy of accident insurance issued by Mutual of Omaha to the State of Michigan. A rider to the policy provided benefits for permanent loss of employment due to accident. The benefits available under the rider for permanent total loss of time totaled $48,000. The policy provided that the insurer would pay on the policy
 
 
 3
 if covered injuries received by an employee shall result in total loss of time which begins within one hundred days from the date of the accident and continues uninterruptedly for a period of twelve consecutive months....
 
 
 4
 On May 26, 1985, Gach fractured his right wrist. Following physicians' instructions, he stayed off work until September 6, at which time his physicians were satisfied that the injury was healing and released him to return to work. Gach returned to work, but continued to experience difficulties with his wrist. He sought out further medical advice which revealed that he had not recovered from the fracture and that the earlier x-rays had been misread. On advice of his new physicians, he discontinued work on December 26. In all, Gach was off the job for 3 months, 14 days and on the job for 3 months, 17 days between the date of the accident and December 26.
 
 
 5
 Gach brought this action to enforce payment of the lump sum of disability benefits under the insurance policy. Mutual of Omaha removed the case to federal court. The district court granted summary judgment to Mutual of Omaha on the ground that, because of his return to work from September 6 to December 26, Gach would not be able to show that he suffered an uninterrupted total loss of time for twelve consecutive months beginning within 100 days of the accident.
 
 II.
 
 6
 On appeal, Gach argues essentially that he should not be penalized where his failure to come within the terms of the insurance policy was not due to bad faith on his part but was due rather to the mistake of his physicians. Appellant directs the attention of this court to the law of mistake in Michigan, arguing that the law provides a remedy to a policyholder in his position whose failure to come within the strict language of the policy was due to the mistake of a third party. The mistake doctrine, however, applies to the formation of contracts. Here, the formation of the contract is not in dispute; the terms are clear and there is no allegation that there was a misunderstanding as to those terms. Nor is there any other doctrine of Michigan law that will provide a remedy to appellant under the facts of this case. Appellant did not come within the terms of the policy because he returned to work from September to December 1985. Counting from any time within 100 days of the date of the injury, appellant failed to suffer a total loss of time for twelve consecutive months; and although appellant has now been out of work for more than twelve consecutive months since December 26, 1985, that date is more than one hundred days from the date of the accident. Appellant cannot, as a matter of law, prove that his disability is covered by the Mutual of Omaha policy under the facts described in his complaint. Thus, the district court properly granted summary judgment to appellee and that decision is AFFIRMED.